UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DWAIN LAMMEY, | ) | Case No. CV 20-10596 FMO (RAOx) |
|           Plaintiff, | ) ) | |
|     v. | ) ) | **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |
| WOLKDANEPROP, LLC, et al., | ) ) | |
|           Defendants. | ) ) | |

      On December 1, 2020, the court issued a Standing Order Re: ADA Accessibility Cases (see Dkt. 9, Court's Order of December 1, 2020), which ordered plaintiff Dwain Lammey ("plaintiff") to file a request for entry of default no later than seven days after the time the response to the complaint would have been due by the defendant. (Id. at 2). The court admonished plaintiff that "failure to seek entry of default within seven [] days after the deadline to file a response to the complaint shall result in the dismissal of the action and/or the defendant against whom entry of default should have been sought." (Id. at 2-3) (citing Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962)).

      Here, defendant Wolkdaneprop, LLC ("WP") was served with the summons and complaint on December 1, 2020, by substituted service, and the summons and complaint were mailed on December 2, 2020. (See Dkt. 10, Proof of Service [as to WP]). WP's responsive pleading to the Complaint was thus due no later than January 4, 2021. See Cal. Civ. Proc. Code § 415.20(a) (Substituted service "is deemed complete on the 10th day after the mailing"); Fed. R. Civ. P. 12(a);

Fed. R. Civ. P. 4(e). Defendant Karnoprop, LLC ("KP") was served with the summons and complaint on December 15, 2020, by personal service. (See Dkt. 13, Proof of Service [as to KP]). Accordingly, KP's responsive pleading to the Complaint was due no later than January 5, 2021. See Fed. R. Civ. P. 12(a). Defendant Paragon Parking, Inc. ("Paragon") (collectively with WP and KP, "defendants") was served with the summons and complaint on December 4, 2020, by substituted service, and the summons and complaint were mailed on December 7, 2020. (See Dkt. 11, Proof of Service [as to Paragon]). Paragon's responsive pleading to the Complaint was due no later than January 7, 2021. See Cal. Civ. Proc. Code § 415.20(a); Fed. R. Civ. P. 12(a); Fed. R. Civ. P. 4(e). On January 4, 2021, the parties filed a stipulation to extend defendants' time to respond to the complaint by 21 days. (See Dkt. 12, Joint Stipulation to Extend Time to Respond to Initial Complaint). WP's answer was thus due no later than January 25, 2021. KP's answer was due no later than January 26, 2021. Paragon's answer was due no later than January 28, 2021. As of the date of this Order, defendants have not answered the complaint, nor has plaintiff filed any request for entry of default.[1] (See, generally, Dkt.).

A district court may dismiss an action for failure to prosecute or to comply with court orders. Fed. R. Civ. P. 41(b); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388 (authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with any court order). Dismissal, however, is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy. Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir.1986). These factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability

---

[1] On January 28, 2021, the parties filed a notice of provisional settlement, which was stricken by the court on February 2, 2021. (See Dkt. 16, Court's Order of February 2, 2021). In its order striking the provisional notice of settlement, the court again admonished the parties that "[f]ailure to comply with all case deadlines and the orders issued by the court in this case shall result in the imposition of sanctions, including but not limited to, the dismissal of the action for failure to comply with any applicable rules and/or court orders." (Id.) (citing Fed. R. Civ. P. 41(b); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388)).

of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik, 963 F.2d at 1260-61); see Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 891 (9th Cir. 2019) ("By its plain text, a Rule 41(b) dismissal . . . requires 'a court order' with which an offending plaintiff failed to comply."). "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and [the Ninth Circuit] may review the record independently to determine if the district court has abused its discretion." Ferdik, 963 F.2d at 1261.

Having considered the Pagtalunan factors, the court is persuaded that this action should be dismissed for failure to comply with a court order and failure to prosecute. Plaintiff's failure to file requests for entry of default hinders the court's ability to move this case toward disposition and indicates that plaintiff does not intend to litigate this action. In other words, plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks omitted). Further, plaintiff was warned that failure to file a request for entry of default would result in a dismissal of the action for lack of prosecution and failure to comply with a court order. (See Dkt. 9, Court's Order of December 1, 2020, at 2); see also Ferdik, 963 F.2d at 1262 ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the consideration of alternatives requirement.") (internal quotation marks omitted). Thus, having considered the Pagtalunan factors, the court is persuaded that the instant action should be dismissed for failure to comply with a court order and failure to prosecute.

Based on the foregoing, IT IS ORDERED that judgment be entered dismissing this action, without prejudice, for failure to prosecute and comply with the orders of the court.

Dated this 8th day of February, 2021.

/s/
Fernando M. Olguin
United States District Judge